**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENYER ENRIQUE CHAVEZ-BRINEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-06661-JLT-FJS<br><br>A-Number: 245-226-564<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE AS MOOT<br><br>(Docs. 1, 2) |

## I. INTRODUCTION

Enyer Enrique Chavez-Brinez is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, the Court **DISMISSES** the petition for writ of habeas corpus without prejudice

## II. BACKGROUND

On July 24, 2026, this Court entered judgment on Petitioner Enyer Enrique Chavez Brinez's first petition for a writ of habeas corpus. (*See Chavez Brinez v. Warden, California City Immigration Processing Center*, No. 1:26-CV-05124-JLT-FJS, Doc. 8.) The Court ordered

Respondents to provide Petitioner with a constitutionally compliant bond hearing at which Respondents were to bear the burden of proof by clear and convincing evidence to show that Petitioner presents a flight risk or danger to the community. (*Id*. at 4.) On August 6, 2026, a bond hearing was held pursuant to this Court's order. (Doc. 8-3 at 1-2.) The IJ denied release, finding that DHS proved Petitioner is both a danger to the community and a flight risk. (*Id*.) Petitioner did not timely appeal the bond determination. (Doc. 13.) Petitioner now brings a second habeas petition, arguing that, although the hearing occurred, it was not constitutionally adequate because ICE failed to meet its constitutional burden to justify his continued detention. (Doc. 1 at 2.) Thus, Petitioner argues that under such circumstances, his continued detention without an adequate bond hearing violates his due process rights. (*Id*.) Petitioner now seeks an order granting, *inter alia*, his immediate release or, alternatively, an order directing Respondents to provide him with a new bond hearing. (*Id*. at 3.) Respondents oppose relief, arguing that Petitioner must exhaust his administrative remedies before seeking habeas relief. (Doc. 8 at 2-3.)

## III. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

Moreover, this Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. 17-cv-5948, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id.* (citation and quotations omitted); *see also Abdelhamid v. Ilchert*, 774 F.2d 1447, 1450 (9th Cir. 1985) (The Court's review for abuses of discretion is limited to those which allege violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions) (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court['s] ... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.' " *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)).

Though district courts are "under no obligation to address [Petitioner's] new arguments under the ambit of ensuring compliance with the earlier order," *Leonardo* 646 F.3d 1157 at 1161, the reviewing court must always bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

In their opposition to habeas relief, Respondents argue that Petitioner failed to exhaust his administrative remedies by appealing his bond order to the BIA before seeking habeas relief. (Doc. 8 at 2-3.) As a prudential matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency

to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003) (citation omitted); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citation omitted).

This Court has previously waived the prudential exhaustion requirement for enforcement motions challenging the legality of a court ordered bond hearing due to the irreparable harm resulting from further prolonging the Petitioner's already lengthy detention. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (excusing exhaustion despite the petitioner not making "an explicit showing" of an excuse in the motion to enforce, because the court had previously found ongoing irreparable harm in its previous habeas order). Such a waiver, however, does not expand the narrow scope of the Court's review: the Court will only determine whether the bond hearing was constitutionally adequate as required by its prior order, and not delve into areas of discretionary decisions made by the IJ. *See, infra*, Legal Standard.

**B. Due Process**

Petitioner argues that habeas relief is warranted because "ICE has not met its constitutional burden to justify Petitioner's continued detention" because "he has no criminal record, has established residence in the United States, and has demonstrated a history of compliance with immigration authorities." (Doc. 1 at 2.) Petitioner does not dispute that the bond hearing occurred within the timeframe ordered by this Court, nor does he claim the IJ applied the incorrect burden at the bond hearing. Rather, Petitioner argues that his pending criminal charge in Utah cannot be used as conclusion proof of present dangerousness "without considering the

complete and individualized circumstances relevant to detention." (Doc. 14 at 2.) Although Petitioner claims that the purpose of his second habeas "is not to ask this Court to sit as an appellate court over the Immigration Judge's August 6 ruling," the nature of his arguments suggest otherwise. (Doc. 14 at 1.) In essence, Petitioner challenges the IJ's dangerousness determination which was based partially on pending criminal charges.

The Ninth Circuit has explained that if the immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court accepts that it "applied the correct legal standard," unless there is an indication that "something is amiss." *Martinez*, 124 F.4th at 785 (cleaned up); *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009). IJ's have broad discretion to consider a number of factors to determine whether the detainee merits release on bond. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The non-exhaustive factors include: fixed address in the United States; length of residence; family ties and their connection to available immigration relief; employment history; record of appearance in court; criminal record "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses"; history of immigration violations; attempts to flee; and manner of entry to the United States. *Id*. In assessing dangerousness, "[a]lthough an alien's criminal record is surely relevant to a bond assessment, *Guerr*a contemplates that criminal history alone will not always be sufficient to justify denial of bond on the basis of dangerousness." *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011), abrogated on other grounds in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). Rather, IJ's must also consider the recency and severity of the offenses." *Id*. Furthermore, under BIA case law, immigration judges may properly "consider not only the nature of a criminal offense but also the specific circumstances surrounding [Petitioner's] conduct," *Matter of Siniauskas*, 27 I&N Dec. 207, 208-09 (BIA 2018), as well as "any unfavorable evidence of [his] conduct, including arrests that did not ultimately result in conviction." *Matter of Urena*, 25 I&N Dec. 140, 140 (BIA 2009). Because IJ's may properly "consider any unfavorable evidence of [Petitioner's] conduct, including arrests that did not ultimately result in conviction," it was not an abuse of discretion for the IJ here to have relied on a recent pending criminal charge in denying bond based on

Petitioner's danger to the community. *See Matter of Urena*, 25 I&N Dec. 140, 140 (BIA 2009); *see also GURWINDER SINGH, v. TONYA ANDREWS, et al.,* No. 1:26-CV-05073-JLT-FJS, 2026 WL 2676078 (E.D. Cal. Sept. 11, 2026) (holding that it was not an abuse of discretion for IJ to consider Petitioner's recent arrest for DUI).

To the extent that Petitioner challenges the IJ's overall dangerousness assessment, the Court lacks the ability to "second-guess the immigration judge's weighing of the evidence." *Calmo v. Sessions*, 2018 WL 2938628, at *4 (holding that where the evidence is undisputed, "differences in interpretation of the facts" remain "well within the province of the immigration judge"). Complaints about the IJ's weighing of specific pieces of evidence and the ultimate the conclusion the IJ reached must be presented through the normal immigration appeal process. *See Valenzuela v. Semaia*, Case No. 5:25-cv-02853-SSS-RAO, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025) ("Although Petitioner may disagree with the outcome of the IJ's determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue.").

Because Petitioner was provided with a constitutionally adequate bond hearing and has proffered no other grounds for habeas relief,[1] Petitioner has not demonstrated that his continued detention constitutes a violation of his procedural due process rights. For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.
2. The motion for immediate release or, in the Alternative, for a Bond Hearing (Doc. 2) is **DENIED AS MOOT**.

///

///

///

///

///

[1] Petitioner does not expressly make a prolonged detention claim in his habeas petition. Regardless, any such claim would be premature.

3. The Clerk of Court is directed to enter judgment for Respondents and close this case.

IT IS SO ORDERED.

Dated: October 21, 2026

UNITED STATES DISTRICT JUDGE